UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Operating Engineers Local #49 Health and Welfare Fund and its Trustees,

Plaintiffs,

v.

Listul Erection Corporation and Paul S. Listul,

Defendants.

Civil File No. 01-989 (PAM/RLE)

**MEMORANDUM AND ORDER**

---

Plaintiffs seek to collect unpaid contributions to an employee welfare benefit plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. This matter is before the Court on Plaintiffs' Motion for Summary Judgment. Defendant Listul Erection Corporation ("Listul Corp.") concedes that it owes Plaintiffs unpaid contributions. Defendant Paul S. Listul, however, contends that he is not personally liable for these unpaid contributions and therefore opposes Plaintiffs' Motion insofar as it relates to him. Because the facts in this case are undisputed, the Court will treat Paul Listul's opposition to Plaintiffs' Motion as a cross-Motion for Summary Judgment. For the following reasons, the Court grants Plaintiffs' Motion for Summary Judgment in part and denies it in part and grants Paul Listul's cross-Motion for Summary Judgment.

SEP 0 5 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD SEP 0 5 2002
DEPUTY CLERK

**BACKGROUND**

Plaintiff Operating Engineers Local #49 Health and Welfare Fund ("the Fund") is a multiemployer employee welfare benefit plan as defined by ERISA. Listul Corp. is a Minnesota corporation that erected steel infrastructure for a variety of buildings between 1986 and May 2000. Paul S. Listul was the President of Listul Corp.

This case arises from a Collective Bargaining Agreement and a Participating Agreement signed by Paul Listul on behalf of Listul Corp. These agreements required Listul Corp. to make "prompt contributions or payments" to the Fund between May 1, 1998, and April 30, 2001. It is undisputed that Listul Corp failed to make the required contributions, totaling $3,352.01, for March 1, 2000, through June 30, 2000.

The Fund contends that Paul Listul bound himself to pay any amounts left unpaid by Listul Corp. pursuant to Collective Bargaining Agreement by executing the Participating Agreement. In pertinent part, the Participating Agreement provides that

> [i]f this Agreement is signed for and in behalf of a corporation, the officer or officers signing for such corporation by the execution of this Agreement not only binds the corporation but individually binds himself to the full and faithful performance of the Agreement stated herein.

Unsurprisingly, Paul Listul argues that he is not personally liable for the unpaid contributions.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is only proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials and must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

### B. Merits

Section 515 of ERISA provides that every employer obligated to make contributions to a multiemployer benefit plan must make such contributions according to the terms of the plan or applicable collective bargaining agreement. 29 U.S.C. § 1145. Section 502(g)(2)

states that when a judgment under Section 515 is awarded, the court shall also award the plan: (1) unpaid contributions; (2) interest on those contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20 percent; (4) reasonable attorneys' fees and costs; and (5) such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2).

Defendants do not dispute that Listul Corp. is liable for $3,352.01 in unpaid contributions. Accordingly, Defendants accept that Listul Corp. is responsible for interest on that amount, a charge for liquidated damages as provided for by the Collective Bargaining Agreement, and reasonable attorneys' fees. The sole issue in this case, then, is whether Paul Listul is effectively a guarantor of Listul Corp.'s obligations under the Collective Bargaining Agreement.

In general, an agent making a contract for a disclosed principal does not become a party to the contract. Hanna Mining Co. v. Minn. Power & Light Co., 573 F. Supp. 1395, 1398 (D. Minn. 1983); Aberman v. Malden Mills Indus., Inc., 414 N.W.2d 769, 773 (Minn. Ct. App. 1987). If the circumstances or the instrument itself, however, reveal that the parties mutually intended to hold the individual agent personally liable, this general rule may not apply. United Sav. & Loan Ass'n v. Lake of the Ozarks Water Festival, Inc., 805 S.W.2d 350, 354 (Mo. Ct. App. 1991). It should be remembered that "a contract of guaranty is strictissimi juris, implying that it must be strictly construed in favor of the guarantor." Am.

Tobacco v. Chalfen, 108 N.W.2d 702, 704 (Minn. 1961).

In this case, the only evidence Plaintiffs adduce suggesting that Paul Listul intended to act as a guarantor of Listul Corp.'s obligations under the Collective Bargaining Agreement is the language of the Participating Agreement itself. In light of the fact that the Participating Agreement specifically provides that Listul Corp. is the signator to the agreement and Paul Listul is signing only as the president of Listul Corp., the Court finds that the phrase "not only binds the corporation but individually binds himself to the full and faithful performance of the Agreement stated herein," standing alone, is insufficient to hold Paul Listul personally accountable for Listul Corp.'s obligations. At most, this language is hortative and does not overcome the strong presumption that agents acting for a disclosed principal do not personally bind themselves to the performance of a contract. Had Plaintiff Operating Engineers Local #49 Health and Welfare Fund wished to make Paul Listul personally liable for any and all amounts due under the Collective Bargaining Agreement, it should have expressed such an intention unequivocally by making Paul Listul, individually, a signator to the Participation Agreement.

**CONCLUSION**

Defendants concede that Listul Corp. owes Plaintiffs unpaid contributions in the sum of $3,352.01. Accordingly, the Court grants Plaintiffs' Motion for Summary Judgment against Listul Corp. Because the Participating Agreement specifically provides that Listul Corp. is the signator to the agreement, and because Paul Listul signed the Participating

Agreement on behalf of Listul Corp. as its president, however, the Court finds that Paul Listul is not personally liable for the unpaid contributions. Thus, the Court denies Plaintiffs' Motion for Summary Judgment insofar as it pertains to Paul Listul. Finally, because there are no factual disputes in this case, the Court enters summary judgment in favor of Paul Listul and dismisses Plaintiffs' claims against him.

Accordingly, for the foregoing reasons, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Summary Judgment (Clerk Doc. No. 11) is **GRANTED in part and DENIED in part**. Plaintiffs are entitled to recover $3,352.01 in unpaid contributions, liquidated damages of $335.20, and upon proper motion, reasonable costs, attorneys' fees, and interest from Defendant Listul Erection Corporation; and
2. Summary Judgment in favor of Defendant Paul S. Listul is **GRANTED** and Plaintiffs' claims against Paul S. Listul are **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 5, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*